IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GRADY A. LEE, SR., #171618, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-105-WHA |
| | ) [WO] |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Grady A. Lee, Sr. ["Lee"], an indigent state inmate presently incarcerated at the Ventress Correctional Facility. In this complaint, Lee challenges the medical treatment provided to him for various chronic medical conditions.

On September 8, 2014, Lee filed a Motion for Temporary Restraining order which the court construed to contain a Motion for Preliminary Injunction. *Doc. No. 23*. In this motion, Lee requests issuance of order requiring that medical personnel refer him to a free-world physician or hospital for treatment of his medical conditions. *Id.* at 2. On September 18, 2014, the court entered an order requiring that the defendant show cause why Lee's motion for preliminary injunction should not be granted. *Doc. No. 7*. The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that Lee is not entitled to preliminary injunctive relief. *Doc. No. 26*.

Upon review of the motion for preliminary injunction and the response to the motion filed by the defendant, the court concludes that the plaintiff's motion for preliminary injunction is due to

be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Lee demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive

relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

The evidentiary materials submitted by the defendants in support of their response, including relevant medical records and an affidavit from Dr. John Peasant, establish that Lee has been provided and is currently receiving medical treatment for each of his conditions. The medical records indicate that Lee has been routinely evaluated, prescribed medications, issued medical profiles and undergone various test procedures in an effort to treat his conditions.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Lee has failed to demonstrate a substantial likelihood of success on the merits of his claims. Lee likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendant as issuance of the requested injunction would interfere with the ability of medical personnel to assess and treat inmates in accordance with their professional judgment. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Lee has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

3

1. The motion for preliminary injunction filed by Lee be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 21, 2014, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 7th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE