IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GRADY A. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-105-WHA |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Grady A. Lee ("Lee") against Correctional Medical Services ("CMS"), now known as Corizon, the contract medical care provider for the Alabama Department of Corrections.[1] The defendant filed a special report and supporting evidentiary materials addressing the claims presented in the complaint. In these filings, the defendant denies that it acted with deliberate indifference to Lee's chronic medical conditions and, instead, maintains that Lee received appropriate treatment from prison medical personnel. *Def.'s Exh. 3 - Doc. No. 7-*

---

[1]Although the Clerk stamped the complaint "received" on February 20, 2014, it is clear that Lee presented this pleading to prison officials for mailing prior to this date. A review of the complaint indicates that Lee executed this document on February 10, 2014. *Doc. No. 1* at 4. The law is well-settled that a pro se inmate's complaint is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the complaint] was delivered to prison authorities the day [Lee] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court deems February 10, 2014 as the date Lee filed the complaint.

1

*3* at 3-8. The defendant further asserts that the complaint is due to be dismissed because Lee failed to exhaust an administrative remedy available to him through CMS prior to filing this case. *Def.'s Special Report - Doc. No. 7* at 6-7. The defendant bases its exhaustion defense on Lee's failure to file a grievance addressing the majority of his claims for relief and his failure to appeal the one grievance he filed regarding a lack of medication in the latter part of December 2013 and the early weeks of 2014. *Id*. at 7.

Upon receipt of the defendant's special report, the court issued an order providing Lee an opportunity to file a response to the defendant's report in which Lee was specifically directed to address "the defendant's assertions that: (i) His claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) [prior to filing this federal civil action]… .; and (ii) The claims contained in the complaint fail to establish a violation of his constitutional rights by the defendant. Specifically, the defendant did not act with deliberate indifference to his medical needs." *Order of April 7, 2014 - Doc. No. 10* at 1-2 (footnote omitted). The order also advised Lee that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials. *Id*. at 3. In addition, the order cautioned Lee that unless "<u>sufficient legal cause</u>" is shown within 10 days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is appropriate, and (2) after

considering any response as allowed by this order, rule on the motion in accordance with the law." *Id*. at 3-4.

On April 17, 2014, Lee filed an affidavit in response to the defendant's report. *Doc. No. 11*. Lee filed no other response in opposition to the defendant's report. In this affidavit, Lee concedes that he failed to appeal the sole grievance filed regarding provision of medication and does not dispute that he filed no other grievance with respect to the medical treatment provided for his various chronic conditions. *Id.*[2]

Pursuant to the orders entered in this case, the court deems it appropriate to treat the special report filed by the defendant as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendant's motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense … is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's

---

[2]In an apparent attempt to challenge the adequacy of the grievance procedure, Lee alleges that he submitted the single grievance on January 26, 2014 and the Health Services Administrator failed to respond to this grievance within the approximate time permitted by the grievance procedure -- i.e., five days after receipt of the grievance. *Pltf.'s Aff. in Response - Doc. No. 11* at 3. However, these assertions are refuted by the facts Lee himself sets forth in the grievance. *See Def.'s Exh. A - Doc. No. 7-2* at 124. Specifically, Lee states that "[as] of 02/07/14 after seeing the doctor[,] I was told to come to treatment and KOP which I did and the nurses told me they showed no meds or orders [for medication at that time]." *Pltf.'s Aff. in Response - Doc. No. 11* at 3. Based on this statement, it is clear that **prior** to submission of the grievance Lee had spoken with members of the medical staff on February 7, 2014 and, therefore, could not have submitted the grievance to medical personnel on January 26, 2014, as stated in his affidavit, or at any time prior to February 7, 2014. Moreover, it is undisputed that the Health Services Administrator responded to this grievance on February 11, 2014, within the referenced 5-day time period. *Id*.

3

"motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison … must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because

exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will therefore "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendant['s] versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (citing *Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turne*r, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. In so doing, the Eleventh Circuit rejected the inmate plaintiff's argument that "disputed facts as to exhaustion should be decided by a jury [or judge upon a hearing on the exhaustion defense]." *Id*. at 534-535.

Upon review of the complaint, the defendant's special report, the evidentiary materials filed in support thereof and the plaintiff's affidavit in response, the court concludes that the defendant's motion to dismiss is due to be granted.

### III. DISCUSSION

Lee challenges the constitutionality of medical treatment he received for various chronic conditions during a prior term of incarceration at the Ventress Correctional Facility. In response to the complaint, the defendant denies Lee's allegations and further argues that this case is subject to dismissal because Lee failed to exhaust properly the administrative remedy offered by CMS prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies

is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an Agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings… . Construing § 1997e(a) to require proper exhaustion … fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement … by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F.3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the

PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement); *Alexander*, 159 F.3d at 1326 (The sufficiency or adequacy of the administrative remedy has no bearing on the requirement that an inmate exhaust an available administrative remedy.). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that CMS provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. The defendant explains the grievance procedure and relevant facts as follows:

> … [Upon his arrival at Ventress] Mr. Lee acknowledged his understanding of the various processes and procedures for assessing health services and, in particular, the grievance process available to inmates within the ADOC system, when he signed the Access to Care Form, a true and correct copy of which is included in his medical records.
> \* \* \*
> As evident from the fact that I receive grievances from inmates at Ventress on a daily basis, inmates at Ventress, including Mr. Lee, are well-aware of and utilize the grievance process to voice a complaint regarding any medical treatment sought or received during their incarceration at Ventress. The initial orientation process with the ADOC correctional system includes educating inmates as to the availability of the grievance process. The existence of this grievance procedure is well-known among the prison population, as indicated by the fact that the medical staff at Ventress receives inmate requests and/or inmate grievances on a daily basis. The physicians, nurse practitioners, nurses and other medical personnel at Ventress attempt to resolve all inmate concerns prior to an "inmate grievance" being submitted.
> The grievance process is initiated when an inmate submits an informal Inmate Grievance form to the HSA through the institutional mail system. After reviewing the Inmate Grievance, [the HSA or her designee] then

8

> provide[s] a written response [to the grievance] within approximately five (5) days of receipt of the Inmate Grievance.  The written response to an Inmate Grievance is included on the bottom portion of the same form containing an inmate's Inmate Grievance.  Below the portion of the form designated for the "Response," the following notation appears:
>
> > IF YOU WISH TO APPEAL THIS REVIEW YOU MAY REQUEST A <u>GRIEVANCE APPEAL</u> FORM FROM THE HEALTH SERVICES ADMINISTRATOR. RETURN THE COMPLETED FORM TO THE ATTENTION OF THE HEALTH SERVICE ADMINISTRATOR.  YOU MAY PLACE THE FORM IN THE SICK CALL REQUEST BOX OR GIVE IT TO THE SEGREGATION SICK CALL NURSE ON ROUNDS.
>
> As stated in the Inmate Grievance forms, the second step of the grievance process involves the submission of a formal Grievance Appeal, at which time the inmate may be brought in for one-on-one communication with the medical staff, Health Services Administrator . . . and/or the Director of Nursing. A written response to a formal Grievance Appeal is provided within approximately five (5) days of receipt. Inmate Grievance and Grievance Appeal forms are available from the correctional shift commander office at Ventress. Inmates are instructed to place completed Inmate Grievance and Inmate Grievance Appeal forms in the sick call boxes located in the chow hall [or other areas of the facility].  [The HSA] review[s] the Grievances daily, provide[s] a written response within approximately five (5) days at the bottom of the form and return[s] a copy of the completed forms to the inmate.  [The HSA] encourage[s] inmates who have complaints about the medical care they have sought or received at Ventress to utilize this grievance process. Mr. Lee only submitted one grievance during his incarceration at Ventress  [but did not appeal the response to this grievance prior to initiation of this case].

*Def.'s Exh. A (Aff. of Nettie Burks, R.N.) - Doc. No. 7-1* at 2, 6-7 (citations to medical records and paragraph numbering omitted).

It is undisputed that Lee did not appeal the response provided to his single grievance nor did he submit any grievance in which he addressed the majority of the claims presented to this court as permitted by the defendant's grievance procedure ***prior*** to filing this cause

of action. Thus, the court concludes that Lee failed to exhaust an administrative remedy available to him during his incarceration at the Ventress Correctional Facility before seeking federal relief, a precondition to proceeding in this court on his claims. In addition, any grievance Lee may have filed after initiation of this federal cause of action is irrelevant to his proper exhaustion of the administrative remedy provided by CMS as the filing occurred after he filed this case. *Terry*, 491 F. App'x at 83. Moreover, the grievance procedure is no longer available to Lee, as he has been released from prison.

Under the circumstances of this case, the court finds that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1159 (relying on *Marsh* to find that inmate's civil action was subject to dismissal "for failure to exhaust administrative remedies" where he filed grievance "out-of-time and without good cause" for failing to file timely grievance); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits … properly dismissed with prejudice" where previously available "administrative remedies have become unavailable

after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion to dismiss be GRANTED to the extent the defendant seeks dismissal of this case due to the plaintiff's failure to exhaust properly an administrative remedy previously available to him at the Ventress Correctional Facility prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust properly an administrative remedy before seeking relief from this court.

3.  No costs be taxed herein.

It is further

ORDERED that on or before November 4, 2016 the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 21st day of October, 2016.

                                      /s/ Susan Russ Walker
                                      Susan Russ Walker
                                      Chief United States Magistrate Judge